IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:03CR586 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JOHN K. HULIT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant is before the court for resentencing after remand form the Eighth Circuit Court of Appeals. See Filing No. 55. This memorandum supplements findings made on the record in court on December 1, 2005.

Defendant entered a plea of guilty to Count II of an Indictment charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1) on June 30, 2004. At that time, the court determined that the United States Sentencing Guidelines ("the Guidelines") were in force and applicable to defendant. He was sentenced to 57 months based on a total offense level of 23 at criminal history category III. Subsequently, the Guidelines were rendered advisory in *United States v. Booker,* 543 U.S. 220, —, 125 S. Ct. 738, 757 (2005) (Breyer, J., opinion of the Court).

In imposing a sentence after *Booker*, this court must follow certain prescribed sentencing procedures. *United States v. Mashek*, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005); *United States v. Haack*, 403 F.3d 997, 1002 (8th Cir. 2005). It must continue to determine the appropriate Guidelines sentencing range, since that range is an important factor to be considered in the imposition of a sentence. *Id.* Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or

§ 4A1.3 of the Guidelines.  *Id.* at 1002.  A sentence imposed that includes a formerly permissible departure will be "consistent with the now-advisory Guidelines and this is generally indicative of reasonableness."  *United States v. Shannon*, No. 04-2895, slip op. at 6 (8th Cir. July 14, 2005).[1]  Those considerations will result in a "Guidelines sentence."  *Haack*, 403 F.3d at 1002.  The court finds, and the parties do not dispute, that the defendant's original Guidelines calculation, resulting in a total offense level of 23 at a criminal history category of III and a sentencing range of 57 to 71 months, is appropriate.  No departures are at issue.

The court next considers the factors set forth in § 3553(a) to determine whether to impose the Guidelines sentence or a non-Guidelines sentence.  *Id.*  The district court is charged under the Sentencing Reform Act with the duty to "impose a sentence sufficient, but not greater than necessary," to comply with sentencing purposes and to "consider the nature and circumstances of the offense and the history and characteristics of the defendant" in so doing.  *See* 18 U.S.C. § 3553(a)(1).  The court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)-(D).  In addition, the court must consider the kinds of sentence available and the applicable

---

[1] However, "[b]ecause the guidelines are now advisory, a reasonable departure is not limited solely to circumstances that the formerly mandatory guidelines framework would have deemed permissible bases for departure." *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005) (stating that *Booker* excised the narrow prescription for when departures are warranted).

category of offenses and category of defendant as set forth in the Guidelines and its policy statements, as well as the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(3)-(6).

The Guidelines range is, thus, one of many factors for the sentencing court to consider, and although the court is not bound by the Guidelines, it must consult them and take them into account when sentencing. *Id.* at 767, 790 (Scalia, J., dissenting); *see United States v. Winters*, 416 F.3d 856, 861 (8th Cir. 2005)(noting that reasonableness "must be based on <u>all</u> the factors listed in § 3553(a)(6)" and that a possible sentencing disparity, as measured by the Guidelines sentence, must not be isolated "to the exclusion of all the other § 3553(a) factors") (emphasis in original). Indeed, a finding that "the range of reasonableness is essentially co-extensive with the Guidelines would effectively render the Guidelines mandatory." *Id.* at 859 n.4. Reasonableness is to be determined by the district court in the first instance. *Id.*

In consideration of the § 3553 factors, the court finds that a sentence of 36 months will be sufficient, but not greater than necessary, to comply with sentencing purposes and is reasonable under the circumstances of this case. The court notes that, although defendant has a significant criminal history, his criminal history does not contain any felonies or significant drug offenses. His history, however, chronicles alcohol abuse, as well as violent incidents presumably connected to the alcohol abuse. Although he made an attempt to be placed in substance abuse treatment while awaiting his first sentencing, he was not able to obtain treatment.

He has been incarcerated at the Federal Correctional Facility at Oxford, Wisconsin, a medium security facility. Although this court recommended the Bureau of Prisons'

Residential Drug Abuse Treatment program for defendant, he has been informed that he is not eligible for the early release component of the program under the 1994 Violent Crime Control and Law Enforcement Act because he has been designated a violent offender based on his criminal history. Because he is not eligible for early release, it is not likely he will receive the treatment since offenders who are eligible for early release have priority.

Defendant has shown the court that he has made sincere efforts at rehabilitation in connection with his alcohol dependency and has achieved some measure of success while in prison. He represented to the court that he has attempted to participate in the BOP's forty-hour drug dependency treatment program and has joined a group of Native Americans who participate in sweat lodge ceremonies and activities. He counsels young Native American inmates to stay away from drugs and alcohol. The court credits his testimony and finds he has a sincere desire to overcome his addiction.

Defense counsel urges, and this court agrees, that this case, because of the small quantity of drugs involved, would ordinarily have been prosecuted in state court. Prosecution in federal court was apparently motivated by the government's desire to send a strong message that methamphetamine distribution would not be tolerated on Indian reservations. The court also finds, based on its own experience and on defense counsel's proffer, that if this case had been prosecuted in state court, defendant would most likely have received a sentence of two-to-three years and would have been eligible for parole after serving approximately half of that time. The court further notes that, although defendant was not a large dealer and generally dealt in small quantities, his operation was just starting up at the time of his arrest. In addition, defendant's criminal history shows a tendency toward violence in connection with his drinking.

Under the circumstances of this case, the court finds a sentence of 36 months, which is effectively double the amount of time defendant would have had to serve if he had been prosecuted in state court, is sufficient in terms of reflecting the seriousness of the offense, providing just punishment therefor, promoting respect for the law and protecting the public. The sentence will also afford adequate deterrence to future drug dealing on the reservation. The court further imposes the additional requirement that the defendant receive either inpatient or intensive-outpatient treatment for alcohol addiction, at his own expense, after his release. This requirement will provide the defendant with needed treatment in the most effective manner. A judgment of commitment and statement of reasons will issue this date.

DATED this 8th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

5